*Dat, J.
The defendant in the original action, with other defenses pleaded in his answer, alleged that the cause of action specified in the petition, accrued “ more than fifteen years, and more than twenty years, before the commencement of this suit;” and, in addition thereto, informally, but substantially, demurred to the petition, on the ground that the cause of action therein stated, was barred by lapse of time. The plaintiffs demurred to the first part of this defense, and joined issue upon the latter.
The cause was submitted to the court of common pleas upon the question of law thus raised, and was decided in favor of the defendant. The district court, on proceedings in error, reversed this decision; and we are asked to reverse the judgment of the latter court, and to affirm that of the common pleas.
The substantial question of law submitted to the determination of the courts below, and to this court, is, whether the action, as set forth in the petition, is barred , by lapse of time. The question is the same in every form it is presented by the record. No fact is averred in the answer, relating to this question, that does not appear in the petition. The question of law raised by the defendant, was, therefore, as available to him by demurrer as it was by answer. Sturges v. Burton, 8 Ohio St. 215.
The plaintiffs, by their demurrer and reply to the answer, simply questiozzed its sufficiency in law, as an answer to the case *459 made in their petition; so that, in any aspect of the pleadings, the question is the same, and turns upon the question before stated.
The action was brought upon a judgment rendered in the State of Pennsylvania in November, 1837, and was commenced on the second day of March, 1859, after the lapse of more than twenty years. Now, if this judgment was a specialty, within the meaning' of the statute of limitations in force when it was rendered, an action thereon would undoubtedly be barred, unless it was saved under the provision continuing the right of action, for the statutory period, after part payment or an acknowledgment of liability. The plaintiffs were then compelled, to avoid a demurrer, to state facts in their ^petition, sufficient to bring the case within the saving provisions of the statute. This they attempted to do by alleging facts which, they claim, show that the defendant, within-fifteen years from the date of the claim on which the judgment was rendered, and less than that period before the commencement of this action on the judgment, acknowledged his liability thereon.
These facts, under our present system of pleading, were material to the plaintiff’s case, and, under the pleadings, are conceded to be true. Are they sufficient to save the action brought on the judgment from being barred by lapse of time ?
It is claimed on the part of the plaintiff in error that the action was barred: first, by the common-law presumption of payment, after the lapse of twenty years from the recovery of the judgment; and, secondly, by the statutory limitation of fifteen years.
As to the first proposition, it may be remarked, that, if it be conceded that the common-law presumption of payment, after the lapse of twenty years, may be applied to judgments, it is, at most, but a presumption, and may be rebutted. 2 Parsons on Contr. 341. Upon this point the averment in the petition that the judgment still remains unpaid, was material, and, if not admitted by the informal demurrer in the answer, was not denied in the defense based on lapse of time, and must, therefore, be taken as true. This, it would seem, is a sufficient answer to the claim of the plaintiff in error on this point. But however this may be, this presumption of payment may be rebutted, in analogy to the statute of limitations, by showing that, within the period of twenty years, payment has been made on the judgment, or that it has been acknowledged by the defendant as existing and unpaid. Ang. on Dim., see. 93. *460 Whether such payment or acknowledgment was made, will be considered in connection with the second proposition.
It is claimed that the action was barred by the statute of limitations of this state, passed in 1831, which was in force when the judgment sued on was rendered. That act limits actions on specialties to fifteen years after the right of action accrues. If it be conceded that a judgment rendered in another Estate, when it is made the ground of an action in this, is a specialty, within the meaning of that act, as claimed by the plaintiff in error, upon the authority of the case of Stoekwell v. Coleman (10 Ohio St. 33), the defendants in error then claim that, under the facts averred in the petition, the action was saved from the limitation by the provisions of the fifth section of that act, which is as follows:
“ That all actions founded on contracts, either expressed or implied, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made, within the time herein limited, such action may be commenced within the time hereinbefore limited, after such payment, acknowledgment, or promise.” 3 Chase Stat. 1768.
It appears from the record that the claim upon which the judgment sued on in this case was rendered, was secured by mortgage; that both belonged to the Lumberman’s Bank; that it obtained the judgment against the defendant, Bissell, and assigned a portion thereof, with said mortgage as security therefor, to the Branch Bank of the United States, of which the plaintiffs below are trustees. The Lumberman’s Bank, having the interest in said judgment and mortgage, after payment of the amount assigned to the Branch Bank of the United States, brought suit against the defendant, Bissell, and others, to subject the mortgaged premises to the payment of the judgment. On the first day of April, 1844, within fifteen years from the date of the claim secured by the mortgage, and within fifteen years before the commencement of this action below, the court rendered a decree, showing the facts and action of the parties so far as material to the question before us, as follows:
“ Finding the equities of said cause to be with the complainants. That the whole amount due upon said mortgage was then $45,521.23. That on the 6th day of November, a. d. 1837, the said Lumberman’s Bank at Warren, by their officer duly authorized for that purpose, assigned to the Branch Bank of the United States, at Erie, *461 Pennsylvania, $12,357.32 of a certain judgment obtained by the Lumberman’s Bank against ^defendant, Edward Bissell; and also the said mortgage given by the said Edward Bissell to the said Lumberman’s Bank, to be held by the said Branch Bank of the United States, as collateral security, until the said amount last above-mentioned was fully paid. Also, further finding, that including principal and interest, there was- then .due upon said assignment, from the Lumberman’s Bank to the Branch Bank of the United States, $17,053.04, which is to be fix’st paid out of the moneys arising from the sale of said mortgaged premises.”
It was, “ therefore, by the consent of parties, decreed that said defendants pay, or cause to be paid, within ten days from the rising of this court the first above-mentioned sum of $45,521.23; . . .
or in default thereof, that said mortgaged premises, described in said bill, be exposed to sale, etc., and that the moneys arising from such sale be first appropriated to discharge the amount due the Branch Bank of the United States, and the remainder to the payment of the demand of said Lumberman’s Bank of Pennsylvania, after first paying the costs of this suit, out of the proceeds of said sale.”
It further appears from the petition in this case that the lands were sold, and a large amount, under said order*, applied upon so much of said judgment as was held by the plaintiffs below.
It is claimed by the defendants in error that the consent of the defendant, in the judgment sued upon, to the sale of the lands and application of the money, as shown in the record above recited, is such an acknowledgment of the debt or claim in suit as will bring the case within the saving provisions of the 5th section of the act relied upon by the plaintiff in ex’ror.
But, on the other hand, it is claimed that the acknowledgment, if any, is in another suit; and that it is not sufficient to take the case out of the statute.
It is, however, very clear from the record, that whatever acknowledgment is shown relates to the same “ liability, debt, or claim,” that is embraced in, and evidenced by, the judgment sued upon. This, it will be seen, is all that is required by the statute to be doxxe to come within its saving provisions.
Does the decree above quoted show “ an acknowledgment of an ^existing liability ” upon the debt upon which the action was brought ?
*462 The leading English and American authorities upon this subject afford us but little aid upon this question. They were made in construction of the statute of 21 James, or those copied from it, as in the case of Bell v. Morrison (1 Peters, 351), which contained no provision like that of the 5th section of the act of 1831.
Since these authorities rest upon the theory that a promise, either express or implied, is alone sufficient to take a case out of the statute, they might well hold that “the acknowledgment must be clear and express,” and, as said in the case of Bell v. Morrison, “ if there is no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt, which the party is liable and willing to pay.”
Much of the learning, however, displayed in the books upon this subject is of no application here ; for, in the language of the learned judge who delivered the opinion in the case of Hill v. Henry (17 Ohio, 9), in this state, “ the' law-making power itself has undertaken to prescribe what acts shall have the effect to suspend the operation of the statute, or, in other words, what acts shall operate to take the case out of the statute. One of these is an acknowledgment of the debt. Another is a promise to pay.”
It appears from the record that the “parties,” of whom Edward Bissell, was one, consented, on the 1st day of April, 1844, and that, therefore, as such party, he consented, that the land mortgaged to secure the very debt embraced in the judgment sued upon should be sold, and that the money arising from the sale should be applied “ to discharge the amount ¿we the BranchBank of the United States.”' It is a part of this very “ amount due ”—that remaining unpaid by the sale of the land—that the action below was brought to recover. We think that the consent of Bissell, as evidenced by the record, was an acknowledgment by him of “ an existing liability, debt, or claim,” which he was “ willing to pay ” or “ discharge ” by the appropriation of his lands to the amount then “ due ” the parties 509] ^severally entitled thereto. In whatever shape the claim existed, it was all the same debt; and, as payment of one would have been payment of the other, so an acknowledgment of the debt in one form was an acknowledgment of the same debt in another form.
The judgment of the district court is affirmed.
Scott, C. J., and White, Welch, and Brinkerhoee, JJ., concurred.